UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

TAYSEER YOUSEF,

                Defendant.

_____/

**Hon. Hala Y. Jarbou**

**Chief U.S. District Judge**

**Case No. 1:23-cr-86**

**DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S
MOTION *IN LIMINE* TO ADMIT *RES GESTAE* EVIDENCE**

The Court should deny the Government's motion *in limine* to admit *Res Gestae* evidence. (ECF No. 46). The proposed evidence is not intrinsic to the offenses charged. Secondly, even if the Court construes this proposed firearm evidence as *Res Gestae* evidence, it is still inadmissible under Fed. R. Evid. 404(b).

Mr. Yousef will not dispute that he provided the phone number in question to the immigration deportation officer.

## I.      RELEVANT FACTS TO THE MOTION

At the time of Mr. Yousef's arrest, he was in possession of the cell phone ending in 1166. He will not contest that he utilized the cell phone surrounding the time period of his arrest. He will not dispute that he provided the immigration department in Chicago, Illinois with the cell phone number. Thousands of messages extracted from the device will reveal that a user of the device was communicating with individuals that were stealing cell phones in west Michigan. Mr.

Yousef maintains that he was one of several users of the device ending with 1166, and that he was not the person communicating with the individuals that were stealing cell phones in west Michigan.

One of the ways that the United States intends to prove that Mr. Yousef was receiving stolen cell phones is by offering circumstantial evidence that Mr. Yousef possessed a firearm during the relevant time period.  The Government intends to argue that Mr. Yousef carried a firearm to protect himself while he was buying stolen cell phones.

Mr. Yousef maintains that he has never possessed a firearm or ammunition.  Mr. Yousef was under physical surveillance by law enforcement during the relevant indictment period and has never been observed with a firearm.  Co-conspirators in the case have described their personal interactions with the person who the co-conspirators identified as Mr. Yousef.  The co-conspirators have never stated that the person that they distribute stolen cell phone to was armed with a firearm. None of the thousands of text messages with the co-conspirators describe that the "buyer" of the stolen goods was armed with a firearm.  Upon Mr. Yousef's arrest his apartment and automobile were searched, and no firearm or ammunition was found.  Mr. Yousef was subsequently interviewed by law enforcement and did not describe that he possessed any firearms or ammunition.

The relevant time period reflected in Mr. Yousef's indictment is "Beginning some time prior to March 2020", for count one, and "On or about November 15, 2020" for count two.  The Government seeks to admit text messages from a December 12, 2019 police encounter.  Mr. Yousef objects based on the prejudicial nature of the December 12 message.

## II.      ARGUMENT

### FEDERAL RULES OF EVIDENCE 403

> The court may exclude relevant evidence if its probative value is substantially
> outweighed by a danger of one or more of the following: unfair prejudice, confusing
> the issues, misleading the jury, undue delay, wasting time, or needlessly presenting
> cumulative evidence.

Fed.R.Evid. 403

 "[U]nfair prejudice . . . speaks to the capacity of some concededly relevant evidence to

lure the factfinder into declaring guilt on a ground different from proof specific to the offense

charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).  Mr. Yousef argues that it is

unfairly prejudicial to permit the introduction of evidence that he allegedly (1) carried a firearm

for protection, and (2) was detained, and not arrested, by law enforcement on December 12,

2019.

As it relates to the text message conversation related to acquiring a firearm, the first

assumption is that it was Mr. Yousef participating in the text message conversation.  Mr. Yousef

asserts that he did not participate in this conversation.  However, even if it was Mr. Yousef

involved in the text conversation – as identified in the Government's brief – it was the other

person in the text conversation identified (#1064) who stated that Mr. Yousef needs the gun for

protection.  Mr. Yousef managed a cell phone store where he bought, sold, and repaired cell

phones.  It was the other person in the conversation who suggested that Mr. Yousef needs a gun

for protection, not Mr. Yousef.  Moreover, the nature of the gun allegation itself may cause

potential jurors to be predisposed to prejudice against Mr. Yousef.

As it relates to the December 12, 2019 Country Club Hills, Illinois Police interaction, Mr.

Yousef was parked directly in front of his own business.  In his business he buys, sells, and

repairs cell phones.  He was in the parking lot of his cell phone store, as described by the police

officer.  Mr. Youseff was in possession of multiple phones related to his cell phone store, and

never made any comments, or had any knowledge, about stolen cell phones.  Mr. Yousef was never questioned about stolen cell phones related to his December 12, 2019 police contact.  The objection here is that the December 12, 2019 text message is taken out of context and is more prejudicial than probative.

Federal Rule 404(b), limits "evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  However, under certain circumstances, Rule 404(b) allows the admission of evidence of other acts so long as it is not offered to prove the defendant's bad character.  Such permissible uses include proof of the defendant's "motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident." 404(b).  To determine if the firearm evidence is admissible for a proper purpose, the court must decide, "whether that evidence is probative of a material issue other than character." *Huddleston v. United States*, 485 U.S. 681, 686, 108 S.Ct. 1496 (1988).

## CONCLUSION

For the foregoing reasons, the Court should deny the Government's motion *in limine* to admit *Res Gestae* evidence.  (ECF No. 46).

Respectfully submitted,

Dated: June 4, 2024                     /s/ Geoffrey Upshaw
                                        Geoffrey Upshaw
                                        Attorney for Tayseer Yousef
                                        429 Turner Ave. NW
                                        Grand Rapids, MI 49504
                                        Telephone: (616) 278-8092